## In re: Earl Williams
*[Cite as 6 AOA 238]*

*Case No. 56908*
*Cuyahoga County, (8th)*
*Decided August 23, 1990*

*Robert A. Dixon, 1280 West Third Street, Third Floor, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Alan Rossman, Standard Building, Suite 330, 1370 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appelllant.*

*George J. Sadd, State of Ohio, Assistant County Prosecutor, 1200 Ontario Street, Justice Center, Cleveland, Ohio 44113, for Defendant-Appellee.*

*Robert Troll Lynch, Criminal Defense Lawyers, 711 Statler Office Tower, 1127 Euclid Avenue, Cleveland, Ohio 44115, for Defendant-Appellee.*

**WALKER, J.**

The Court of Common Pleas found appellant Earl Williams in contempt of court and fined him $500.00. This is an appeal of that decision. For the reasons set forth below, we reverse the judgment of the trial court.

On October 31, 1986, attorney Earl Williams, appellant, was appointed by the court to defend Donald Linville, who had been indicted for felonious assault with an aggravated felony specification.Appellant filed several pretrial motions, including a motion for discovery. A pretrial conference was held on November 10 1988, at which time the trial date of November 14 was sat. Appellate also filed a motion for continuance of trial on November 10.

In the transcript of proceedings on November 14, the court noted that appellant arrived fifteen minutes late. The court also noted that appellant's motion for continuance stated that trial had been scheduled "a mere four days from the appointment of counsel", indicating that the date of appointment was November 10. The court indicated that its records reflected that the date of appointment was October 31. The court then ascertained from the defendant that he wanted a trial and refused to waive his right to a speedy trial.

The proceedings continued as follows:

THE COURT:... Mr. Williams, who will be your witnesses?

Mr. WILLIAMS: I don't have any, I haven't been able to talk to anyone. The motion I filed for a continuance indicates that I was appointed a mere four days before trial.

THE COURT: Sir, I have told you, the Court's records show that you were appointed October 31st.

MR. WILLIAMS: I was going to correct that, I was going to correct that. I was going to correct what was in the motion. Now, if you allow me just to respond to the motion, your Honor.

THE COURT: Well, it's your motion, you don't have to respond to your own motion.

Do you want to correct a misstatement?

MR. WILLIAMS: It was October 31st, I was in error with respect to the motion in the haste of preparing this motion, and that point was in error.

THE COURT: It seems that you have made a material misstatement of facts.

MR. WILLIAMS: That's right, and I accept that.

THE COURT: Your conduct in this case thus far today, particularly Mr. Williams, borders on contempt.

You filed a written Motion for Continuance with a written brief, misstating a material fact. You arrive late 15 minutes, only to tell us that you are not prepared to go to trial.

How many times have you seen your client in jail here?

MR. WILLIAMS: Twice, your Honor, today and Thursday.

THE COURT: It hasn't been because he wasn't available to you, has it?

MR. WILLIAMS: No, I don't think so.

THE COURT: He has been available, he has been right here. I'm sure he was waiting to see you.

Why did it take you nearly two weeks to see him after you were appointed?

MR. WILLIAMS: Your Honor, I do have other cases, I was going to see Mr. Lidville (sic).

THE COURT: Well, if you can't handle this case then, you should have withdrawn right at the outset. This Court was reserved for this case today, to the exclusion of all other trial business, for a defendant was apparently wasn't want to -- he does not want to remain in jail here, but on the other hand, he doesn't want to relinquish his rights to a speed (sic) trial. That is his right, and he doesn't have to. He has a right to be brought to trial within 90 days of his arrest.

Now, what date were you arrested Mr. Lidville (sic)?

THE DEFENDANT: 9-16.

THE BAILIFF: 9-15.

THE COURT: Mr. Lidville (sic), are you saying that there are no witnesses, and have you given your attorney a list of the witnesses that you expect to be called to testify for you?

THE DEFENDANT: Yes.

THE COURT: When did you do that?

THE DEFENDANT: When he asked me if I had any witnesses, and I told him no. That is when I just talked to him.

THE COURT: Well, do you or do you not have witnesses.

THE DEFENDANT: No.

THE COURT: There are no witnesses for the defense?

THE DEFENDANT: No.

THE COURT: And the State has six witnesses?

MS. McDONNELL: That's correct, your Honor. All of them may or may not be called, but those people may be mentioned or testify.

THE COURT: Will you stipulate to the medical records?

MR. WILLIAMS: At this point your Honor, I didn't know that there were any.

THE COURT: Well, you knew that somebody was apparently or allegedly harmed by a knife.

MR. WILLIAMS: I understand that, your Honor.

I just received them, and I don't think I will stipulate to them.

THE COURT: You are still playing games here.

Okay, Mr. Williams, we'll go to the trial now.

MR. WILLIAMS: Your Honor, I still would like to say, that I am not prepared. I will be ineffective as far as Mr. Lidville (sic) is concerned.

THE COURT: Mr. Williams, the Court finds you to be in contempt of Court.

MR. WILLIAMS: Thank you, your Honor. The court than fined appellant $500.00 and removed him as defendant's counsel. Appellant's motion for stay pending appeal T,as granted, and appellant timely appealed.

Appellant's sole assignment of error reads as follows:

"THE LOWER COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT OF COURT WHERE THE RECORD FAILS TO DEMONSTRATE BEYOND A REASONABLE DOUBT THAT THE APPELLANT ACTED IN A CONTUMACIOUS MANNER."

In reviewing a contempt conviction, the court must first determine whether appellant's conduct constituted direct or indirect contempt. Second, the sanction imposed by the trial court must be scrutinized to determine whether the court used its civil or criminal contempt powers. *State v. Kilbane* (1980), 61 Ohio St. 2d 201.

"[A] person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice" commits direct contempt, and the judge may summarily punish the offender. R.C. 2705.01. Contempts committed outside the presence of the court are indirect in nature. R.C. 2705.02. In cases of indirect contempt, a written charge must be filed, and the accused has an opportunity to be heard. R.C. 2705.03.

The purpose of the sanction imposed by the court indicates whether the contempt is civil or criminal. The sanction in civil contempt is intended to coerce the contemnor to comply with the court's orders. The sanction in criminal contempt is intended to punish the contemnor. *State v. Kilbane, supra,* at 204-205.

In this case, the court summarily found appellant in contempt without a written charge or a hearing. Therefore, appellant must have been found in direct contempt of court. The $500.00 fine imposed did not attempt to coerce appellant to comply with a court order, but was punitive in nature. Therefore, appellant was found to be in direct criminal contempt of court pursuant to R.C. 2705.01.

Although the power to determine contempt is within the sound discretion of the trial judge, the guilt of the person accused must be shown affirmatively in the record, and the conduct must constitute an imminent threat to the administration of justice. *State v. Conliff* (1.978), 61 Ohio App. 2d 185; *State v. Treon* (1963), 91 Ohio Law Abs. 229, 241; *State v. Saltzman et al.* (October 9, 1980), Cuyahoga App. Nos. 41863 and 41864, unreported. "The administration of justice is best served by restricting the power of summary direct contempt to that conduct which tends to impede, embarrass or obstruct the court in the performance of its function." *State v. Conliff, supra,* at 190-91. In *State v. Conliff,* a direct criminal contempt conviction was reversed on appeal. The Court of Appeals determined that appellant's single ironic remark to the judge at the close of proceedings did not constitute an imminent threat to the proceedings. Id. In *Stabs v. Wilson,* (1972), 30 Ohio St. 2d 312, the Ohio Supreme Court upheld a direct criminal contempt conviction where the record showed that appellant had "unnecessarily repeated objections, requests for examination and request for the maintenance of the record," and showed "a constant disregard to the court's order to set down, all of which amounted to disrespect for the court, to disruption of quiet and order, and to actual interruption of the court in the conduct of its business." *Id.* at 314.

In the case *sub judice,* the transcript does not affirmatively indicate for what conduct appellant "as censured. Appellant's conduct overall was courteous and not disruptive. The transcript reveals five separate actions of appellant with which the court took issue:

"his tardiness for trial; his misstatement in the motion for continuance as to when he was appointed as counsel for defendant; his tardiness in consulting with defendant about his case; his refusal to stipulate to medical records; and his protestation that because he was unprepared, he would render ineffective assistance of counsel to

defendant if trial were to proceed at that time. However, the first three actions could not be the basis of appellant's contempt conviction. None of the three occurred in the presence of the court, and, therefore, cannot constitute direct contempt." R.C. 2705.02; *Weiland v. Indus. Comm. of Ohio* (1956), 166 Ohio St. 62.

Appellant's refusal to stipulate to medical records also does not constitute contempt. Stipulation is defined as "[v]oluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues." Black's Law Dictionary (5 Ed. 1979). Since stipulation is voluntary by definition, refusal to stipulate cannot constitute misbehavior which obstructs the administration of justice. Furthermore, appellant's refusal to stipulate to medical records was particularly innocuous since the court could have admitted the records without appellant's stipulation and even over his objection. Evid. R. 402.

The only remaining conduct on record for which appellant could have been held in contempt of court was his protestation that he was unprepared and would provide ineffective assistance to defendant if the trial should go forward at that time. The Code of professional Responsibility requires that a lawyer "should act with competence and proper care in representing clients". EC6-1. Lawyers are subject to discipline under the rules if they fail to act competently by handling a legal matter without adequate preparation. DR 6-101(A) (2). In *In Re Sherlock* (1987), 37 Ohio App. 3d 204, the court held in the second paragraph of the syllabus that a trial court may commit error in finding contempt when it "denies a continuance in a criminal trial and, as a consequence, defense counsel refuses to participate in the trial for fear that the defendant would receive ineffective assistance of counsel". Accord, *State v. Gasen* (1976), 48 Ohio App. 2d 191; *State v. Saltzman. et al., supra.* Here, appellant's objection to proceeding with trial was based on his obligation to render effective assistance to the defendant. Appellant's conduct did not, therefore, constitute misbehavior which would obstruct the administration of justice, and he should not have been held in contempt. Appellant's assignment of error is well-taken. The trial court's judgment is reversed, and final judgment is entered for appellant.

This cause is reversed and final judgment is entered for appellant.

DYKE. P.J., and STILLMAN. J., concur.

Sitting by assignment, Judge Saul G. Stillman, Retired, Eighth District Court of Appeals.

Sitting by assignment, Judge Robert D. Walker, Retired, Hancock County Common Pleas Court.